IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RHONDA R. STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-148-M |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Rhonda R. Stevens (Plaintiff) filed this action for judicial review of the Defendant Acting Commissioner of the Social Security's final decision denying Plaintiff's applications for disability benefits and supplemental security income. *See* 42 U.S.C. § 405(g). Chief United States District Judge Vicki Miles-LaGrange referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C) and Fed. R. Civ. P. 72(b).

After a careful review of the administrative record ("AR"), the parties' briefs, and relevant authority, the undersigned recommends that the Commissioner's decision be reversed and remanded for further proceedings.

**I.    Procedural Background**

Plaintiff's applications for disability benefits and supplemental security income were denied initially and on reconsideration. Following denial of her applications, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"), which was held on October 25, 2012. [AR 36-72]. Plaintiff and a vocational expert ("VE") testified. The ALJ issued an unfavorable decision on November 16, 2012. [AR 19-31]. On appeal, the Social Security Appeals Council denied Plaintiff's request for review on December 20, 2013, [AR 1-4],

making the ALJ's decision the final decision of the Commissioner. *See Threet v. Barnhart*, 353 F.3d 1185, 1187 (10th Cir. 2003) ("The Appeals Council denied the request for review, making the decision of the ALJ the final decision of the Commissioner for purposes of this appeal.") (citing *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). This judicial appeal followed.

**II.     The Administrative Decision**

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R §§ 404.1520; 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 15, 2011, the date Plaintiff alleges she became disabled. [AR 24].

At step two, the ALJ found Plaintiff to have the following severe impairments: cervical and lumbar strains; hypertension; depressive disorder; anxiety disorder; personality disorder; and alcohol abuse. [AR 24].

At step three, the ALJ determined that none of Plaintiff's severe impairments meet or are medically equal to any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (Listings). [AR 25].

At step four, the ALJ determined Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with no more than the occasional lifting up to 20 pounds, no more than the frequent lifting of 10 pounds; standing/walking 6 hours out of an 8-hour workday; sitting 6 hours out of an 8-hour workday but able to understand, remember, and carryout simple instructions consistent with unskilled work that is repetitive and routine in nature and able to relate and interact with coworkers and supervisors on a work-related basis only with no or

> minimal interaction with the general public. The claimant can
> adapt to a work situation with these limitations/restrictions and her
> medications would not preclude her from remaining reasonably
> alert to perform required functions presented in a work setting.

[AR 26]. The ALJ found Plaintiff could perform her past relevant work as a production assembler, which is unskilled work performed at the light exertional level, with a specific vocational preparation level ("SVP") of 2.[1] [AR 30]. Thus, the ALJ found Plaintiff was not disabled at step four of the sequential evaluation process.

In the alternative, the ALJ found at step five, based on the testimony of a VE, that Plaintiff could perform other jobs existing in significant numbers in the national and regional economies including hand packager, an unskilled job performed at the light exertional level, and assembler, an unskilled job performed at the sedentary exertional level. [AR 31]. Here, again, the ALJ found Plaintiff was not disabled through the date of the decision.

On appeal, the Social Security Appeals Council denied Plaintiff's request for review [AR1-4], making the ALJ's decision the final decision of the Commissioner. *See Threet v. Barnhart*, 353 F.3d 1185, 1187 (10th Cir. 2003) ("The Appeals Council denied the request for review, making the decision of the ALJ the final decision of the Commissioner for purposes of this appeal.") (citing *O'Dell* at 44 F.3d 858).

### III. Issues Presented

Plaintiff challenges the ALJ's step four and five determinations as unsupported by substantial evidence. In related issues, Plaintiff challenges, as a matter of law, the weight the

---

[1] Specific vocational preparation (SVP) level two is defined as requiring "anything beyond short demonstration up to and including 1 month." Dictionary of Occupational Titles, App. C, ¶ II (4th ed. 1991) (DOT). An SVP of two is in the class of unskilled work, Social Security Ruling 00–4p, 2000 WL 1898704, at *3, which is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a); 416.968(a).

ALJ gave to the opinions of medical and non-medical sources and the ALJ's assessment of Plaintiff's credibility.

## IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "A decision is not supported by substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). While the court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## V. Analysis at Steps Four and Five

Plaintiff contends the ALJ's analysis at steps four and five is defective because the ALJ did not include in either the RFC determination or the hypothetical question to the VE a statement that Plaintiff has a "moderate limitation" in her ability to concentrate. This issue is in essence a challenge to the sufficiency of the evidence supporting the ALJ's RFC determination as it relates to Plaintiff's mental impairments. In light of the contradictory evidence of record, this point is well taken. Indeed, it is well established that "[t]he ALJ may not pick and choose which aspects of an uncontradicted medical opinion to believe, relying on only those parts

4

favorable to a finding of nondisability." *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004) (citation omitted). Moreover, "[a] decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (citing *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988).

In determining that Plaintiff's ability to concentrate is only "mildly restricted," the ALJ ignored a finding included in the Psychiatric Review Technique form ("PRT"), [AR 242-255], completed by Burnard Pearce, Ph.D. Dr. Pearce stated he was considering the Listings at 12.04 (affective disorders), 12.08 (personality disorders) and 12.09 (substance addiction disorders). To meet any of these Listings, the evidence must include medically documented symptoms described in Paragraph A of each Listing. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, Listings 12.04A; 12.08A; and 12.09A. Additionally, the claimant's impairment must result in marked limitations in at least two of the following: (1) marked restriction of activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. (Paragraph B criteria). *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, Listings 12.04B; 12.08B; and 12.09B.

The PRT is used to determine the degree of restriction resulting from the medically determinable symptoms described in Paragraph A of each Listing. Dr. Pearce assessed Plaintiff's degree of limitation in the area of "concentration, persistence or pace" as "moderate." [AR 252]. Evaluation of the B criteria is not the equivalent of a mental RFC evaluation. *See* SSR 96–8p, 1996 WL 374184, at *4 (July 2, 1996) (stating that "the [ALJ] must remember that

the limitations identified in the 'Paragraph B' ... criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process"). Having determined Plaintiff's mental impairments did not meet the criteria of a listed impairment, Dr. Pearce completed a Mental Residual Functional Capacity Assessment in which he found Plaintiff was not significantly limited in her ability to sustain concentration and persistence, except as to her ability to carry out detailed instructions, which he found to be markedly limited. [AR 256- 257].

The ALJ adopted Dr. Pearce's Paragraph B findings in the PRT form in the areas of "restriction of activities of daily living" (none) and "difficulties in maintaining social functioning" (moderate). But the ALJ deviated from Dr. Pearce's findings of "moderate" "difficulties in maintaining concentration persistence or pace." [AR 252].

The ALJ relied, in part, on Plaintiff's testimony during the administrative hearing in determining that Plaintiff has only "mild difficulties" "[w]ith regard to concentration, persistence or pace." [AR 25]:

> At the hearing, the claimant stated she has problems with memory and concentration. However, she stated that she watches television. She stated that sometimes, she has problems focusing on the show.

[AR 25]. Plaintiff's testimony that "she watches television" does not, however, support the ALJ's conclusion regarding Plaintiff's difficulties with sustaining concentration. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004) (reversing Commissioner's decision based in part on ALJ's conclusion that television watching constituted an activity requiring significant attention and concentration).

The ALJ also relied on selected findings of Dan M. Smith, Ph.D., after his consultative

psychological evaluation of Plaintiff. [AR 234-241]. The ALJ purportedly afforded "great weight" to Dr. Smith's opinions. [AR 30]. But Dr. Smith assessed Plaintiff's concentration as "low average" based on his testing and observations. Specifically, Dr. Smith reported that Plaintiff has some difficulty doing mental math problems and serial 3's and that she could not spell "WORLD" backwards. [AR 236]. In evaluating Plaintiff's work skills, Dr. Smith assessed Plaintiff's ability to remember directions/procedures for simple tasks as "low average." [AR 239]. The only portions of Dr. Smith's findings the ALJ mentioned in his decision were no more than statements Plaintiff, herself, had made during the consultative examination:

> At the consultative examination in August 2011, [Plaintiff] stated that she can watch and keep up with television programs ok and she can keep up with conversations "kind of, I get bored with it." She described her ability to concentrate as "I can do it."

[AR 25]. Thus, the ALJ's assessment of Plaintiff's mental RFC is not supported by substantial evidence in the record as a whole necessitating reversal and remand.

Because "the remaining issues "… may be affected by the ALJ's treatment of this case on remand" the court need not address them at this point in the proceedings. *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). The Commissioner will necessarily revisit the issue of Plaintiff's credibility and will have the opportunity to use the proper legal framework applicable to credibility determinations. The Commissioner will also have the opportunity to re-evaluate the opinions of medical sources using the applicable legal framework applicable to that analysis.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, this Magistrate

Judge recommends that the decision of the Acting Commissioner be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Any objections must be filed with the Clerk of the District Court by September 22, 2015. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** this 1st day of September, 2015.

_____
BERNARD M. JONES
United States Magistrate Judge