# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RHONDA R. STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-148-M |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On September 1, 2015, United States Magistrate Judge Bernard M. Jones issued a Report and Recommendation in this action in which plaintiff seeks judicial review of the final decision of defendant Acting Commissioner of the Social Security Administration ("Acting Commissioner") denying plaintiff's applications for disability benefits and supplemental security income. The Magistrate Judge recommended the Acting Commissioner's decision be reversed and remanded for further proceedings consistent with the Report and Recommendation. The parties were advised of their right to object to the Report and Recommendation on or before September 22, 2015. On September 2, 2015, the Acting Commissioner filed her objection.

In the Report and Recommendation, the Magistrate Judge concludes that the Administrative Law Judge's ("ALJ") assessment of plaintiff's mental residual functional capacity ("RFC") is not supported by substantial evidence in the record as a whole. In reaching this conclusion, the Magistrate Judge relies significantly on his finding that the ALJ ignored Dr. Burnard Pearce's

finding included in the Psychiatric Review Technique Form ("PRTF") that plaintiff's degree of limitation in the area of concentration, persistence or pace was moderate.[1]

In her objection, the Acting Commissioner contends that the paragraph B criteria contained in the PRTF and the RFC assessment are separate and distinct parts of the sequential evaluation process and the Magistrate Judge's Report and Recommendation incorrectly conflated the two. Specifically, the Acting Commissioner asserts that the PRTF is only relevant at steps two and three of the sequential evaluation process and is not relevant to the determination of a plaintiff's RFC. The Acting Commissioner, thus, contends that the alleged error upon which the Magistrate Judge focused had no bearing on the ALJ's assessment of plaintiff's mental RFC. Further, the Acting Commissioner asserts that the ALJ reasonably relied upon Dr. Pearce's ultimate opinion from Section III of his Mental Residual Functional Capacity Assessment ("MRFCA").

A PRTF is

> used to assess mental impairments for purposes of steps two (identifying severe impairments) and three (rating severity for the listings). The PRT[F] is structured specifically in terms of the B and C criteria of the listings for mental impairments. As relevant here, it uses only the four broad categories of limitation referenced in the B criteria: restriction of activities of daily living; difficulties in maintaining social functioning; difficulties in maintaining concentration, persistence, or pace; and episodes of decompensation.

*Chrismon v. Colvin*, 531 F. App'x 893, 897-98 (10th Cir. 2013) (internal citations omitted). A MRFCA, on the other hand, is a detailed assessment of twenty specific mental functions and "breaks

---

[1]Because the remaining challenges raised by plaintiff to the ALJ's decision may be affected by the ALJ's treatment of the case on remand, the Magistrate Judge declined to address the remaining challenges in the Report and Recommendation.

down the broad categories of the PRT[F] into functional components for the finer vocational determinations required at steps four and five." *Id.* at 898. Further,

> [t]he adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of metal impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings . . . and summarized on the [PRTF].

Soc. Sec. Ruling (SSR) 96-8p, 1996 WL 374184 at *4 (1996).

Having reviewed the Report and Recommendation, the Acting Commissioner's objection, the ALJ's decision, the PRTF, the MRFCA, and the applicable case law, the Court finds that the ALJ did not err when he did not rely on Dr. Pearce's finding included in the PRTF that plaintiff's degree of limitation in the area of concentration, persistence or pace was moderate when determining plaintiff's mental RFC and that the ALJ properly relied upon Dr. Pearce's findings included in the MRFCA when determining plaintiff's mental RFC. *See Chrismon*, 531 F. App'x at 898 (finding that ALJ properly used MRFCA rather than PRTF for RFC determination). The Court also finds that because the Magistrate Judge did not address plaintiff's remaining challenges to the ALJ's decision, this matter should be recommitted to the Magistrate Judge for further proceedings.

Therefore, upon de novo review, the Court:

(1) DECLINES TO ADOPT the Report and Recommendation [docket no. 16] issued by the Magistrate Judge on September 1, 2015, and

(2)  RECOMMITS this matter to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED this 11th day of September, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE