IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RHONDA R. STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-148-M |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Rhonda R. Stevens (Plaintiff) filed this action for judicial review. The Defendant, Acting Commissioner of the Social Security Administration, denied Plaintiff's applications for disability benefits and supplemental security income. *See* 42 U.S.C. § 405(g). Chief United States District Judge Vicki Miles-LaGrange referred this matter to the undersigned Magistrate Judge for supplemental proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C) and Fed. R. Civ. P. 72(b).

After reconsideration of the administrative record (AR), the parties' briefs, and relevant authority, the undersigned recommends that the Commissioner's decision be affirmed.

### I. Procedural Background

Plaintiff's applications for disability benefits and supplemental security income were denied initially and on reconsideration. Following denial of her applications, Plaintiff requested and was granted a hearing before an administrative law judge (ALJ), which was held on October 25, 2012. [AR 36-72]. Plaintiff and a vocational expert (VE) testified. The ALJ issued an unfavorable decision on November 16, 2012. [AR 19-31]. On appeal, the Social Security Appeals Council denied Plaintiff's request for review on December 20, 2013, [AR 1-4], making

the ALJ's decision the final decision of the Commissioner. *See Threet v. Barnhart*, 353 F.3d 1185, 1187 (10th Cir. 2003) ("The Appeals Council denied the request for review, making the decision of the ALJ the final decision of the Commissioner for purposes of this appeal.") (citing *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994)). This judicial appeal followed.

## II. The Administrative Decision

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520; 416.920. At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since January 15, 2011, the date Plaintiff alleges she became disabled. [AR 24].

At step two, the ALJ found Plaintiff to have the following severe impairments: cervical and lumbar strains; hypertension; depressive disorder; anxiety disorder; personality disorder; and alcohol abuse. [*Id.*].

At step three, the ALJ determined that none of Plaintiff's severe impairments meet or are medically equal to any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (Listings). [AR 25].

At step four, the ALJ determined Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with no more than the occasional lifting up to 20 pounds, no more than the frequent lifting of 10 pounds; standing/walking 6 hours out of an 8-hour workday; sitting 6 hours out of an 8-hour workday but able to understand, remember, and carryout simple instructions consistent with unskilled work that is repetitive and routine in nature and able to relate and interact with coworkers and supervisors on a work-related basis only with no or

>   minimal interaction with the general public. The claimant can
>   adapt to a work situation with these limitations/restrictions and her
>   medications would not preclude her from remaining reasonably
>   alert to perform required functions presented in a work setting.

[AR 26]. The ALJ found Plaintiff could perform her past relevant work as production assembler, unskilled work performed at the light exertional level, with a specific vocational preparation level (SVP) of 2.[1] [AR 30]. Thus, the ALJ found Plaintiff was not disabled at step four of the sequential evaluation process.

In the alternative, the ALJ found at step five, based on the testimony of the VE, that Plaintiff could perform other jobs existing in significant numbers in the national and regional economies including hand packager, an unskilled job performed at the light exertional level, and assembler, an unskilled job performed at the sedentary exertional level. [AR 31]. Thus, the ALJ found Plaintiff was not disabled through the date of the decision.

On appeal, the Social Security Appeals Council denied Plaintiff's request for review [AR 1-3], making the ALJ's decision the final decision of the Commissioner. *See Threet v. Barnhart*, 353 F.3d 1185, 1187 (10th Cir. 2003) ("The Appeals Council denied the request for review, making the decision of the ALJ the final decision of the Commissioner for purposes of this appeal.") (citing O'Dell, 44 F.3d at 858).

### III. Issues Presented

Plaintiff challenges the ALJ's step four and five determinations as unsupported by substantial evidence. In related issues, Plaintiff challenges, as a matter of law, the weight the

---

[1] Specific vocational preparation (SVP) level two is defined as requiring "anything beyond short demonstration up to and including 1 month." Dictionary of Occupational Titles, App. C, ¶ II (4th ed. 1991) (DOT). An SVP of two is in the class of unskilled work, Social Security Ruling 00–4p, 2000 WL 1898704, at *3, which is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time," 20 C.F.R. §§ 404.1568(a); 416.968(a).

3

ALJ gave to the opinions of medical and non-medical sources and the ALJ's assessment of Plaintiff's credibility.

IV. **Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "A decision is not supported by substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). While the court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

V. **Analysis**

A. **Step Four Evaluation**

Relying on *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996), Plaintiff contends the ALJ erred in failing to perform the second and third phases of step four:

> Step four of the sequential analysis ... is comprised of three phases. In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two, despite the mental and/or physical limitations found in phase one. At each of these phases, the ALJ

4

must make specific findings.

*Id.* at 1023 (citation omitted). Plaintiff's assertion is incorrect. The ALJ identified Plaintiff's past relevant work as "Production Assembler." He specifically described this job as requiring "light exertion level" and noted it was "unskilled" with an SVP of 2. [AR 30]. Thus the requirements of Plaintiff's past relevant work do not exceed the limitations in the ALJ's RFC.

Plaintiff further contends the ALJ's analyses at steps four and five are defective. According to Plaintiff, the ALJ erred in failing to include a "moderate limitation" in the ability to concentrate, either in the RFC determination or the hypothetical question to the VE. Plaintiff relies on *Chapo v. Astrue*, 682 F.3d 1285, 1290 (10th Cir. 2012) for the proposition that "the failure of the ALJ to include his own mental restriction would be fatal to the validity of the hypothetical to the VE." *Id.* at 1290-1291; (citing *Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (holding hypothetical to VE is sufficient if "it contained all of the limitations found to exist by the ALJ")).

It is true that a hypothetical question must be precise and must include all limitations in the ALJ's RFC determination. "'[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.'" *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quoting *Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990)). In this case, however, the ALJ did not find Plaintiff to be "moderately impaired" in her ability to concentrate. Given the limitations found by the ALJ, the hypothetical question to the VE was sufficiently precise, and the testimony of the VE was reliable.[2]

---

[2] The District Court previously determined that the ALJ did not err in omitting a "moderate" limitation in the ability to concentrate from the RFC. [Doc. No. 18].

Plaintiff also challenges the ALJ's failure to include a reference to her headaches in the RFC or hypothetical question. But the ALJ's decision demonstrates that he did consider Plaintiff's headaches and found they do not constitute a medically determinable impairment:

> Objective medical evidence shows the claimant has only seen a chiropractor for her neck, back, shoulder pain and headaches.

[AR 29]. The ALJ correctly noted that chiropractors are not "acceptable medical sources" for purposes of determining whether a claimant has a "medically determinable impairment." 20 C.F.R. §§ 404.1513(a); 416.913(a). Evidence from "other sources," such as chiropractors, may be used to show the severity of impairments or their effect on a claimant's ability to work. 20 C.F.R. §§ 404.1513(d); 416.913(d). But the notes from Plaintiff's chiropractor are simply records of the conservative treatment rendered. [AR 261-322]. The only indication of the severity of Plaintiff's impairments is the statement in a few of the records that she should avoid "strenuous activity." As the Commissioner notes, work requiring only a light exertional level cannot be considered "strenuous activity." *See Thompson v. Sullivan*, 987 F.2d 1482, 1487-1488 (10th Cir. 1993); *see also* 20 C.F.R. §§ 404.1567(b), 416.967(b) (Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.... [A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.).

> B.   The ALJ's Evaluation of Opinion Evidence

Plaintiff contends the ALJ erred in failing to properly weigh the opinion evidence. First, Plaintiff challenges the weight the ALJ afforded the Mental Functional Assessment Questionnaire signed by Dr. Alzira F. Vaidya, the attending doctor at Edwin Faire Mental Health Center. [AR 227]. The document itself states the report was written by Plaintiff's case manager

and based entirely on Plaintiff's subjective complaints.

Generally, the opinion of a treating source is evaluated using the framework set forth in agency rulings and regulations:

> The regulations and agency rulings give guidance on the framework an ALJ should follow when dealing with treating source medical opinions relating to the nature and severity of impairments. An ALJ should "[g]enerally, ... give more weight to opinions from [claimant's] treating sources." 20 C.F.R. § 404.1527(d)(2). In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for "controlling weight." An ALJ should keep in mind that "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96–2p, 1996 WL 374188, at *2; *see also* 20 C.F.R. § 404.1527(d)(2).

*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

In this case, the ALJ specifically stated that he was giving "little weight" to Dr. Vaidya's Mental Functional Assessment Questionnaire, and he adequately explained why:

> The claimant reported all the limitations that are listed and although Dr. Vaidya signed off on the report, they are still subjective complaints that need to be supported.

[AR 28]. Although the ALJ did not explicitly state he was not giving Dr. Vaidya's opinion "controlling weight," that conclusion is implicit in the decision. *See Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014) (affirming decision where ALJ implicitly declined to give controlling weight to treating source's opinion).

Plaintiff further contends Dr. Vaidya's Mental Functional Assessment Questionnaire is "fully supported" by a Psychosocial Assessment form completed on May 19, 2011. Plaintiff cites findings noting she was unkempt/disheveled, anxious, depressed, irritable, exhibited poor

7

eye contact, appeared tense, restless and unable to sit for period of time. [AR 222]. However, the portion of the Psychosocial Assessment form upon which Plaintiff relies consists of reported observations. There is no indication in the record that any objective psychological testing supports Dr. Vaidya's opinion.

As for the opinions of doctors and psychologists who were not "treating sources," the ALJ in each instance specifically stated the weight he was affording each of the opinions and why. Thus, the ALJ did not err in weighing the opinions of other acceptable medical sources.

### C.     The ALJ's Credibility Assessment

This Court reviews an ALJ's credibility determination with deference and generally treats this determination as binding on review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990); *Broadbent v. Harris*, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when substantial evidence supports them. *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010); *accord Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). An ALJ must consider (1) whether the claimant has established a symptom-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's symptoms are in fact disabling. *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993) (explaining the Luna framework).

The Commissioner has promulgated regulations suggesting factors to be considered in evaluating the credibility of a claimant's symptoms:

(i) Your daily activities;

(ii) The location, duration, frequency, and intensity of your pain or other symptoms;

(iii) Precipitation and aggravating factors;

(iv) The type, dosage, effectiveness, and side effects of medications you take or have taken to alleviate your pain or other symptoms;

(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3)(i-vii); 416.929(c)(3)(i-vii).

Plaintiff contends the ALJ failed to follow the proper legal framework in assessing her credibility. She also contends the ALJ's credibility findings are not supported by substantial evidence. But the ALJ correctly specified the two-step framework under which he would assess Plaintiff's subjective complaints of pain and other symptoms. [AR 24-25]. He also correctly stated that he was required to make credibility findings "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence." [AR 27]. Based on the objective medical evidence, the ALJ determined Plaintiff's allegations of pain and other symptoms were not credible to the extent that they conflicted with his RFC. [AR 27].

The ALJ's credibility determination is supported by substantial evidence. He considered Plaintiff's testimony as well as the objective medical findings discussed above. Plaintiff testified

she quit her last job because she worked 22 miles from her home and had difficulty getting to the job. [AR 27; 46-47]. Plaintiff primarily complained of residual effects of an automobile accident in January 2011, yet despite her alleged injuries, she chose to receive treatment from a chiropractor rather than a medical doctor. The record does not contain evidence in the form of an MRI, and no medical source advised her to seek surgical treatment. [AR 27; 48].

The ALJ concluded Plaintiff is not limited in activities of daily living:

> The claimant has described activities of daily living which are not as limited to the extent one would expect, given the complaints of disabling symptoms and limitations. At the hearing, the claimant stated she helps her [mother] with household chores as much as she can. The claimant does her own laundry. She helps with the sweeping, mopping and cleaning. She goes grocery shopping once every two weeks. She drives 14 miles to Stillwater[,] Oklahoma to go shopping.

[AR 29].

Given the Plaintiff's testimony and the objective evidence of record, the ALJ concluded that even though Plaintiff has severe impairments, none are severe enough to prevent her from engaging in substantial gainful activity consistent with the previously-determined RFC.

Thus, the ALJ's credibility analysis is sound.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the decision of the Acting Commissioner of the Social Security Administration be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); LCvR 72. Any objections must be filed with the Clerk of the District Court by October 8, 2015. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed in this Supplemental Report and Recommendation. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Supplemental Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 17th day of September, 2015.

BERNARD M. JONES
United States Magistrate Judge